# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

CARLA ALLISON-STACY,           )
                               )
      Plaintiff,           )
                               )
v.                             )   Case No. CIV-10-473-JHP-SPS
                               )
MICHAEL J. ASTRUE,             )
Commissioner of the Social     )
Security Administration,       )
                               )
      Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Carla Allison-Stacy was the prevailing party in this action under the Social Security Act. Plaintiff seeks an award of attorney's fees in the amount of $5,909.85, including $1,670.25 in paralegal fees for 19.65 hours of paralegal time, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Commissioner does not object to the award of attorney's fees or the number of hours claimed by the attorney, but does object to some of the paralegal hours claimed as outside the scope of compensable work. The Court referred this dispute for a report and recommendation pursuant to 28 U.S.C. § 636(b)(2)(B). [Docket No. 25]. For the reasons set forth below, the undersigned Magistrate Judge hereby recommends that the Court GRANT Plaintiff's Motion and Application for an Attorney Fee Under the Equal Access to Justice Act Pursuant to Sentence Four Remand [Docket No. 21], and further recommends that the Commissioner should be ordered to pay the requested amount to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise

specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

The Commissioner contends that Plaintiff's counsel's use of his paralegal to read legal documents is not a specialized skill and not a task that may only competently be done by a paralegal and further constitutes double billing because Plaintiff's counsel is also billing for this time. The Commissioner thus asserts that such "clerical" activities are not compensable under *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."), and requests that the paralegal hours be reduced by 10.5 hours, from 19.65 hours to 9.15 hours. This would be a deduction of $892.50 from the requested amount of $5,909.85. But this Court, as well as the Tenth and Eighth Circuits, has previously held that this specific attorney's request of fees for paralegal time that includes time spent reading documents to Plaintiff's counsel "is both reasonable and justified." *Accord*, *Diedrich v. Astrue*, No. CIV-08-285-RAW-KEW, *slip op.* at 2-3 (E.D. Okla. March 23, 2010), *citing Harris v. Railroad Retirement Board*, 990 F.2d 519, 521-522 (10th Cir. 1993) ("We are persuaded, however, that the case demonstrates special circumstances. . . . Mr. Duty, the attorney, is without sight and Ms. Bailey assists

in 'legal research, transcribes and prepares briefs[,] . . . deals with governmental agencies and advises the public in connection with matters falling within her specialized field of expertise.") *and Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994) (holding that Plaintiff was "entitled to be compensated for the full [hours requested] of paralegal services. We note that the attorney handling this case is blind and that there is some duplication of time between the attorney and paralegal, but we conclude that under the unique circumstances of this case the full amount of the requested paralegal services is justified.").

    Accordingly, the undersigned Magistrate Judge hereby **PROPOSES** that the Plaintiff's Motion and Application for an Attorney Fee Under the Equal Access to Justice Act Pursuant to Sentence Four Remand [Docket No. 21] be granted and that the Government be ordered to pay the above-referenced amount in full to the Plaintiff as the prevailing party herein. If the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986). Any objections to this Report and Recommendation must be filed within fourteen days.

    **DATED** this 7th day of September, 2012.

*/s/ Steven P. Shreder*
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma